IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS<br>Plaintiff<br><br>vs<br><br>SONIA I. RAMIREZ-PERDOMO<br>Defendant | CIVIL 06-1266CCC |

## DEFAULT JUDGMENT

This is an action for rescission of a contract for a cancer insurance policy issued by plaintiff American Family Life Assurance Company of Columbus (AFLAC) to defendant Sonia I. Ramirez-Perdomo. Defendant applied for the policy on March 12, 2002. In said application she stated that she had never been diagnosed with or treated for cancer, when in fact, she had recently undergone a biopsy, from which the February 27, 2002 Tissue Examination Report identified the presence of breast cancer.

Supporting the Motion for Default Judgment **(docket entry 8)** is a statement under penalty of perjury **(docket entry 19)** from Dr. Angel R. Medina, Ramirez-Perdomo's surgeon, attesting to the fact that he personally informed defendant on March 6, 2002, the results of the tissue examination report identifying the presence of cancer. Thus, Ramirez Perdomo had knowledge of her cancerous condition six days before she applied for the insurance policy.

Plaintiffs seek rescission of the contract pursuant to Article 11.100 of the Insurance Code of Puerto Rico, 26 LPRS§1110 which states as follows:

> All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of acts, and incorrect statements shall not prevent a recovery under the policy unless:
>
> (1)   Fraudulent; or

CIVIL 06-1266 (CCC)

    (2)    material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

    (3)    the insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

    (4)    When the applicant incurs in any of the actions enumerated in paragraphs (1), (2) and (3) of this section, the recovery shall only be prevented if such actions or omissions contributed to the loss that gave rise to the action.

The plaintiffs uncontested allegations supported by Dr. Medina's statement, demonstrate, that Ramirez-Perdomo knew she had breast cancer when she applied for the insurance policy, and for which she received payments for her cancer treatment.

For the above stated reasons, the Court finds that plaintiff's invocation of the grounds to prevent recovery under the policy are applicable to defendant's circumstances. Accordingly, default judgment is entered in favor of American Family Life Assurance Company of Columbus. The cancer insurance policy issued to defendant Sonia Ramirez-Perdomo by American Family Life Assurance Company of Columbus is hereby RESCINDED.

SO ORDERED.

At San Juan, Puerto Rico, on May 31, 2007.

                                                  S/CARMEN CONSUELO CEREZO
                                                  United States District Judge